IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-407-BO-BM

| | | |
|---|---|---|
| DIANA AMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FAYETTEVILLE STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and in this posture the motion is ripe for disposition. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff Amerson initiated this action by filing a complaint against her former employer, Fayetteville State University (FSU). Amerson alleges as follows. Amerson was employed by FSU for more than thirty-three years in the Charles W. Chesnutt Library. Prior to her termination, Amerson served as the Bibliographic Instruction and Distant Education Librarian. During the relevant time period, Amerson's supervisor was Larry Treadwell (Treadwell).

In October 2021, Amerson emailed Treadwell to complain about the library's Head of Acquisitions Librarian, Jinong Sun (Sun), whom Amerson felt was creating a hostile work environment within the library. Amerson also told Treadwell that Sun was unfair toward and bullied Amerson. Treadwell did not address Sun's behavior toward Amerson. In January 2022, at

the direction of Treadwell, FSU fired Douglas Ballard, an African American man who served as the Digital Initiatives Librarian. Amerson believed that Ballard had been fired because of his race. In February 2022, Amerson complained to human resources about Treadwell's leadership. Amerson stated that she believed that Treadwell wanted to fire employees based on age and race and that he allowed Sun to get away with bullying behavior.

Following this report, Treadwell denied Amerson a promotion to become the Head of Public Services. In March 2022, Amerson complained to human resources regarding Treadwell's failure to promote her. In August 2022, Jessica Cerri (Cerri), a white woman, was hired as the Head of Public Services. Cerri and Treadwell referred to Amerson as "difficult" and described her as being a part of a group of troublemakers. Treadwell told Amerson's direct supervisor, Tiffany Torres, that the "drama" within the library would end when the "troublemakers" were gone.

On September 9, 2022, FSU's Provost, Dr. Monica Leach, held a meeting with library staff at which she expressed her support for Treadwell. Dr. Leach informed library employees that they were not required to stay and could look for job opportunities elsewhere. In December 2022, Cerri posted an insensitive and unprofessional message on Facebook about Amerson and a co-worker. Amerson and her co-worker both complained to human resources. A panel was convened to investigate, which was led by a white woman, and the investigation returned no findings.

Treadwell hired Laura Mehaffey (Mehaffey), a white woman, to work as the Digital Initiative Librarian. Treadwell removed some of Amerson's duties and transferred them to Mehaffey. On February 1, 2023, Treadwell removed additional duties from Amerson and awarded them to Cerri. The transfer of Amerson's duties caused Amerson to be unable to meet her performance goals. Amerson was fired by Treadwell on May 3, 2023. Amerson's termination was done without consulting Torres, Amerson's direct supervisor. Torres believes that Amerson's

2

firing was in retaliation for Amerson's complaints. On May 15, 2023, Amerson filed a charge of discrimination with the Equal Employment Opportunity Commission. A right to sue letter was issued on April 19, 2024.

In her complaint, Amerson alleges two claims for relief. Following the filing of the motion to dismiss, Amerson voluntarily dismissed Count II. Thus, the Court addresses the motion to dismiss only as to Count I.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Count I of Amerson's complaint alleges a claim for retaliation under both Tile VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §§ 621, *et seq*. "In the context of a Title VII case, 'an employment discrimination plaintiff need not plead a *prima facie* case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting

3

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).[1] Rather, a Title VII plaintiff is required to plausibly allege facts that satisfy the elements of a cause of action created by that statute. To succeed on a claim of retaliation, the plaintiff must allege and ultimately show (1) that she engaged in protected activity; (2) that the employer took an adverse employment action against her; and (3) that there is a causal nexus between the protected activity and the adverse action. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). The same is true for a claim for retaliation in violation of the ADEA. *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022).

In her complaint, Amerson alleges that she engaged in protected activity by reporting Treadwell's discriminatory conduct, that, at the time of her reports regarding Treadwell, Amerson was meeting all of her job expectations, and that she was punished and ultimately terminated from her employment in retaliation for her protected activity. FSU challenges only Amerson's allegations related to the third element of her prima facie case – whether Amerson has plausibly alleged a causal nexus between the protected activity and the adverse action.

"An adverse action that bears sufficient temporal proximity to a protected activity may, along with the existence of other facts, suggest that the adverse employment action occurred because of the protected activity." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021). Absent additional facts, the temporal proximity must be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). That said, pleading sufficient facts to support a causal nexus at this stage is not onerous. *Roberts*, 998 F.3d at 126. A plaintiff may "bridge the gap," *Tutt v. Wormuth*, No. 19-2480, 2021 WL 4076729, at *2 (4th Cir. Sept. 8, 2021), between protected activity and adverse action by pleading "other evidence of retaliatory animus." *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007).

---

[1] In response to the motion to dismiss, Amerson concedes that she is proceeding under the *McDonell Douglas* burden-shifting framework. 411 U.S. 792 (1973).

4

The complaint alleges that Amerson's complaints regarding Treadwell began in October 2021. Amerson complained to human resources about Treadwell in February 2022 and March 2022. After Cerri was hired in August 2022, Cerri and Treadwell referred to plaintiff as a troublemaker and difficult. Amerson complained about Cerri's conduct in December 2022. Treadwell removed some of Amerson's duties after Mehaffey was hired, presumably sometime in early 2023, and he removed additional duties from Amerson on February 1, 2023. Amerson was terminated on May 3, 2023.

"[R]etaliatory animus during the intervening period may be shown by evidence that the employer took steps that made it easier to take the position later that the adverse action was justified." *Barbour v. Garland*, 105 F.4th 579, 594 (4th Cir. 2024) (cleaned up, citation omitted). Here, Amerson has alleged that Treadwell reassigned her job duties such that she was unable to meet her performance expectations, leading to her termination. Amerson has also pleaded that her direct supervisor believed that Amerson's termination was in retaliation for her complaints about Treadwell. The Court must, at this stage, take all of Amerson's allegations as true. Although there is a three-month gap between the last allegation of potentially retaliatory animus, job reassignment, and Amerson's termination, recognizing that the pleading standard is not onerous, the Court finds that Amerson has plausibly alleged a causal connection between her protected activity and the adverse action. Whether her claim will survive summary judgment remains to be seen, but she has alleged enough to nudge her claim across the line from conceivable to plausible.

The motion to dismiss is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss [DE 10] is DENIED.

SO ORDERED, this 21 day of April 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE