IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 5:24-CV-00407

| | |
|---|---|
| DIANA AMERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAYETTEVILLE STATE )<br>UNIVERSITY, )<br>)<br>Defendant. ) | **RULE 26(f) REPORT** |

I. Rule 26(f) Conference: Pursuant to Fed. R. Civ. P. 26(f), the following individuals conferred on May 5, 2025, and are in agreement as to this proposed report:

| | |
|---|---|
| Joe Budd<br>State Bar No. 44263<br>Osborne Gambale Beckley & Budd, PLLC<br>1100 Wake Forest Road, Suite 205<br>Raleigh NC 27604<br>Tel: 919.441.1997<br>Fax: 919.578.3733<br>joe@counselcarolina.com<br>*Attorney for Plaintiff* | Adrina G. Bass<br>Special Deputy Attorney General<br>State Bar No. 39521<br>N.C. Department of Justice<br>P.O. Box 629<br>Raleigh, NC 27602<br>Tel: 919.716.6920<br>Fax: 919.716.6764<br>abass@ncdoj.gov<br>*Attorney for Defendant* |

II. Initial Disclosures: The Parties have agreed to exchange the mandatory initial disclosures required by 26(a)(1) by **May 19, 2025.**

III. Joint Report and Plan

A. Nature and Complexity of the Case: This case arises Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq,* and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq*. ("ADEA").

Plaintiff contends, and Defendant specifically denies, that Defendant retaliated against her for her protected activities in complaining about alleged race and age discrimination in Defendant's workplace. This case should be considered routine.

1. Plaintiff asserts that the basis for the court's subject matter jurisdiction is a question of federal law. Defendant has not waived its rights to challenge the subject matter jurisdiction based on Eleventh Amendment immunity, sovereign immunity, or any other affirmative defenses.

2. The most important or key factual issues and legal issues are whether Defendant retaliated against Plaintiff in violation of Title VII and/or the ADEA .

3. At this time a calculation of damages sought would be premature.

B. Discovery Plan:

The parties jointly propose to the Court the following discovery plan:

1. Discovery will be needed on all aspects of the case, including but not limited to the allegations and claims asserted by Plaintiff and all denials and defenses asserted by Defendant.

2. There is no need for discovery to be conducted in phases or limited to particular issues. This statement does not waive any objection that a Party may have to a specific discovery request.

3. The parties propose the following categories of discovery with limitations:

   a) Maximum of twenty-five (25) Interrogatories, including subparts by each Party to any other Party;

   b) Maximum of twenty-five (25) Requests for Admission by each Party to any other Party;

   c) Maximum of five (5) Depositions by each Party, exclusive of expert witnesses; and

   d) Each Deposition will be limited to a maximum of seven (7) hours, unless extended by agreement of the Parties or by Order of the Court.

4. The parties will preserve information or materials, including electronically stored information, that a party reasonably should know may be relevant to this litigation or as may be otherwise agreed. Production of electronically stored information shall be discussed by counsel for the parties, or knowledgeable employees of the parties if necessary, prior to production to ensure that the information is produced in a form that maintains its integrity and is reasonably usable by the requesting party. If the information is reasonably usable in the form in which it is ordinarily maintained, then it shall be produced in the form in which it is ordinarily

maintained. Should issues of reasonable accessibility, undue burden and cost, and good cause arise with respect to recovery of electronically stored information, the parties will negotiate regarding these issues, but reserve the right to seek a judicial resolution by filing a motion to compel or a motion for a protective order.

5. Privileged and Confidential Information:

    a) In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party

4

must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

b) Confidential Information: The Parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and/or protected from disclosure by law such that said information may only be produced by order of the Court. The Parties agree that they will file a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c) prior to the disclosure of any confidential information. The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the event that the Parties are not able to agree on a consent protective order.

6. The Parties propose that all discovery shall be commenced in time to be completed by **February 27, 2026**.

7. The parties do not anticipate any particular discovery problems at this time.

C. Proposed Deadlines:

1. Disclosure of expert witnesses by the Plaintiff and reports thereof pursuant to Rule 26(a)(2) shall be due by **August 29, 2025**.

2. Disclosure of expert witnesses by the Defendant and reports thereof pursuant to Rule 26(a)(2) shall be due **thirty days after Plaintiff discloses her expert**.

3. Plaintiff should be allowed until **June 5, 2025** to join additional parties or amend the pleadings.

4. Defendant should be allowed until **July 7, 2025** to join additional parties or amend the pleadings.

5. All motions, including dispositive motions, shall be filed within 30 days of the close of discovery as agreed herein or as amended by the Court. Such agreement does not apply to motions in limine.

D. Settlement:

1. Settlement cannot be evaluated prior to the completion of factual discovery, although the Parties are hopeful that the case may be resolved without a trial.

2. Settlement prospects may be enhanced by use of the following alternative dispute resolution procedure: mediation. Mediation should be conducted by the conclusion of the discovery period, the exact date to be set by the mediator after consultation with the

6

Case 5:24-cv-00407-BO-BM    Document 23    Filed 05/05/25    Page 6 of 9

parties. The parties agree that the mediator shall be **Patricia Holland.**

E. The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment pursuant to 28 U.S.C. 636(c). No. The parties do not consent to jurisdiction by a magistrate judge.

F. The parties do not request a Fed. R. Civ. P Rule 16(b) pretrial conference in this case, prior to the entry by the court of its case management order. The Parties request a pretrial conference at least fourteen (14) days prior to the date the trial in this matter is scheduled to begin.

G. *Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii).

H. Other Items: At this time, the Parties envision that this case will take no more than **three (3)** days to try.

Respectfully submitted this, the 5th day of May, 2025.

JEFF JACKSON
Attorney General

/s/Adrina G. Bass
Adrina G. Bass
State Bar No. 39521
Special Deputy Attorney General
NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919.716.6920
Fax: 919.716.6764
abass@ncdoj.gov
*Attorney for Defendant*

/s/ Joe Budd
Joe Budd
State Bar No. 44263
Counsel Carolina
1100 Wake Forest Road, Suite 205
Raleigh NC 27604
Tel: 919.441.1997
Fax: 919.578.3733
joe@counselcarolina.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Joint Rule 26(f) Report with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

This the 5th day of May, 2025.

/s/Adrina G. Bass
Adrina G. Bass
Special Deputy Attorney General